UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS MICHAEL DUBYNA

     Plaintiff,

v.                          CASE No. 8:13-CV-1966-T-TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

     Defendant.

_____

ORDER

     The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

     The plaintiff, who was fifty-four years old at the time of the law judge's decision and who has some college education, has worked as an engine assembler, materials handler, overhead crane operator, construction

_____

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 18).

laborer, and salesperson (Tr. 55, 69-71, 189). He filed a claim for Social Security disability benefits, alleging that he became disabled due to pain in his back, neck, knees, and elbows; nerves; heart disease; fibromyalgia; arthritis; and emotional problems (Tr. 193). The claim was denied initially and upon reconsideration.

At his request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "degenerative disc disease and osteoarthritis of the cervical spine; degenerative disease of the lumbar spine; fibromyalgia; right median sensory neuropathy at or distal to the wrist; right ulnar sensory and motor neuropathy at the elbow; and history of hypertension and coronary disease" (Tr. 19). The law judge concluded that the plaintiff (Tr. 24):

> has the residual functional capacity to occasionally lift 20 pounds and frequently lift 10 pounds. He is able to stand and walk 6 hours of an 8-hour workday and he can sit for 6 hours of an 8-hour workday. He is able to do unlimited push/pull. From the nonexertional standpoint, the claimant can frequently climb ramps/stairs and occasionally climb ladders, ropes and scaffolds. He can frequently balance, stoop, kneel and crouch and occasionally crawl. The claimant can occasionally

do overhead reaching and do frequent handling and
fingering with the bilateral upper extremities.

The law judge determined that those restrictions did not preclude the plaintiff

from returning to his past work as a crane operator (Tr. 28).

Additionally, the law judge asked the vocational expert whether

there were other jobs in the national economy that could be performed by

someone of the same age, background, and residual functional capacity as the

plaintiff (Tr. 73). The law judge also added a sit-stand option to the pertinent

hypothetical question (id.). The vocational expert testified there were jobs

that the plaintiff could perform, such as assembler of small products,

assembler of electrical accessories, and electronics worker (Tr. 74). The

vocational expert added, "[t]hose are three examples. There would be others"

(id.). Therefore, the law judge ruled that the plaintiff was not disabled

through December 14, 2011, the date of her decision (Tr. 29).

The plaintiff sought review of the law judge's decision by the

Appeals Council (see Tr. 152). In correspondence dated March 13, 2013, the

Appeals Council stated that it reviewed the law judge's decision and found

an error of law, but that it intended to affirm the law judge's finding that the

-3-

plaintiff was not disabled through the date of the law judge's decision (Tr. 152-54).

Specifically, the Appeals Council stated that the law judge erred by finding that the plaintiff could perform past work as a crane operator because that position was part of a composite job (Tr. 153). The Appeals Council explained that composite jobs have no counterpart in the Dictionary of Occupational Titles and, consequently, in order to do that past work, the plaintiff had to be capable of performing the job as he actually did it (id.). However, the plaintiff's residual functional capacity precluded him from performing the heavy work aspects of that composite job (id.). Consequently, the Appeals Council stated that it intended to find that the plaintiff was not capable of performing his prior work (id.).

The Appeals Council then continued on to step five of the sequential analysis (Tr. 154). It stated that, based on the plaintiff's capacity to perform a range of light work, there were other jobs that existed in sufficient numbers in the national economy that the plaintiff could perform. The Appeals Council explained (id.):

> [A]t the time of decision, you were an individual of "closely approaching advanced age" (fifty to fifty-four years old), with at least a high school education, and no past relevant work. An individual with these vocational factors and the residual functional capacity to perform a reduced range of the light exertional level is not disabled within the framework of Medical[]-Vocational Rule 202.13 of 20 CFR Part 404, Subpart P, Appendix 2, inasmuch as there are a significant number of jobs in the national economy which [you]... could perform. Thus, based on your vocational profile at the time of the decision, the Appeals Council proposes to find that you were not disabled within the framework of Medical-Vocational Rule 202.13. The vocational expert at the hearing held on October 25, 2011, testified that based on your vocational profile and residual functional capacity you would be able to perform the jobs of an assembler of small products, assembler of electrical accessories, and an electronics worker.

Consequently, the Appeals Council informed the plaintiff that it intended to find that he was not disabled during the pertinent time period (Tr. 154). The Appeals Council advised the plaintiff that, prior to issuance of its final decision, he could send more evidence or a statement about this matter, ask for an appearance before the Appeals Council, or request a hearing before a law judge (Tr. 154-55).

In response, the plaintiff argued to the Appeals Council that the medical-vocational guidelines direct that he be found disabled as of his fifty-fifth birthday on July 5, 2012 (Tr. 259-60). The Appeals Council found that the plaintiff turning fifty-five years old many months after the law judge's decision did not "warrant changing the findings or conclusions" it had proposed (Tr. 5). Thus, it reasoned (Tr. 7):

> The Appeals Council notes the claimant changed age categories approximately seven months after the decision date becoming an individual of "advanced age" (fifty years or older [sic]). The claimant's attorney argues that due to the claimant's age change, the claimant should be found disabled under Medical-Vocational Rule 202.04 and 202.06. Pursuant to 20 CFR §404.1563(b), the Social Security Administration does not apply age categories mechanically in cases involving a borderline age situation. A borderline age situation exists when the claimant'[s] age is within a few days or a few months of a higher age category. In this case, the Council concludes that a borderline age situation does not exist[] because the claimant changed age categories approximately seven months after the date of the decision, which is more than a few days or a few months. Furthermore, medical and opinion evidence clearly show[] that despite the claimant's severe impairments, he has the residual functional capacity to perform light work, with postural and manipulative limitation through the

date of decision when the claimant was fifty-four
years old.

The Appeals Council's decision affirming the law judge's finding that the

plaintiff was not disabled was the final decision of the Commissioner (Tr. 2).

The plaintiff has appealed that determination.

## II.

A. In order to be entitled to Social Security disability benefits,

a claimant must be unable "to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which

... has lasted or can be expected to last for a continuous period of not less

than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental

impairment," under the terms of the Social Security Act, is one "that results

from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic

techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant

is not disabled if he is capable of performing his previous work. 42 U.S.C.

423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. <u>See</u> 20 C.F.R. 404.1520. The initial question is whether the plaintiff is engaged in substantial gainful activity because, if so, the plaintiff will be found not disabled. 20 C.F.R. 404.1520(b). If not, the next inquiry (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a). If there is not a severe impairment, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c).

When an impairment is severe, the next inquiry is whether the impairment meets, or equals, a listing in Appendix 1 (step three). 20 C.F.R. 404.1520(d). If it does not, the claimant's residual functional capacity is assessed. 20 C.F.R. 404.1520(a)(4). Based upon that assessment, a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 404.1520(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only.

III.

The plaintiff makes two arguments, both of which are premised on the contention that he should have been found disabled based on his age (Doc. 22).   The plaintiff turned fifty-five years old on July 5, 2012, approximately seven months after the law judge issued her decision.  This birthday is significant because, pursuant to the guidelines, a fifty-five year old claimant with the plaintiff's profile is deemed disabled.

Thus, at age fifty-five or older, a claimant is a "[p]erson of advanced age," and with the plaintiff's residual functional capacity for light work, education, and work experience, he is disabled under the guidelines. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 2, Rule 202.04; 20 C.F.R. 404.1563(e). However,  at age fifty-four, a claimant is a "[p]erson closely approaching advanced age," and the guidelines indicate that a person with the plaintiff's profile is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 2, Rule 202.13; 20 C.F.R. 404.1563(d).

The plaintiff argues that the Appeals Council should have found him disabled as of his fifty-fifth birthday, many months after the law judge's decision, because "[h]is claim remained pending in front of the Social

Security Administration" at that time (Doc. 22, p. 5).  Alternatively, the plaintiff contends that, although he was fifty-four years old when the law judge issued her decision, the law judge should have considered whether the plaintiff fell into a "borderline age situation" under 20 C.F.R. 404.1563(b), which permits the law judge under certain circumstances to consider a claimant to be in an older age category for determining disability under the guidelines.  As discussed below, the plaintiff's arguments are meritless because the plaintiff was fifty-four years old at the time of the law judge's decision, which is the relevant date for this disability claim.  Moreover, the Appeals Council specifically considered whether the plaintiff fell into a borderline age situation, and reasonably concluded he did not.

A.   The plaintiff argues first that the Appeals Council "completely ignored" that he was fifty-five years old at the time of the Appeals Council's decision, and it should have found him disabled as of his fifty-fifth birthday (Doc. 22, p. 11). This contention is baseless because the plaintiff's age category is determined by his age when the law judge issued her decision, and it is undisputed that the plaintiff was fifty-four years old on that date.

-12-

Thus, the time period relevant to a disability claim is the alleged onset date through the date of the law judge's decision.  See 20 C.F.R. 404.620(a) (applications for benefits "remain in effect until ... the administrative law judge hearing decision is issued").  Accordingly, "the relevant time for determining a claimant's age in applying the regulations is the date of the ALJ's decision." Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987).[2]

Furthermore, contrary to the plaintiff's contention, review by the Appeals Council does not extend the period of disability under consideration because the Appeals Council reviews only the decision of the administrative law judge. 20 C.F.R. 404.970(b). In doing so, the Appeals Council considers only evidence that "relates to the period on or before the date of the administrative law judge hearing decision." Id.; 20 C.F.R. 404.976(b). Thus, under the regulations, if new and material evidence is submitted to the Appeals Council, the Appeals Council will "evaluate the entire record including the new and material evidence submitted if it relates to the period

---

[2]As discussed below, the exception to this rule is when a claimant's insured status expires prior to the date of the law judge's decision.

on or before the date of the administrative law judge hearing decision." 20 C.F.R. 404.970(b). Of course, if, as here, new and material evidence was not submitted, all of the evidence which the Appeals Council considers was before the law judge. This demonstrates that any decision by the Appeals Council in the present situation will be limited to evidence that was in the record before the date of the law judge's decision. Consequently, a decision by the Appeals Council will relate only to the period on, or before, the law judge's decision.

In this case, although the Appeals Council issued a new decision, that decision for the most part adopted the findings of the law judge. The only modification related to the work that the plaintiff could perform; there was no change in the plaintiff's residual functional capacity or other aspects of his profile (see Tr. 5-8). Under these circumstances, the Appeals Council was not in a position to consider any change in the plaintiff's age that occurred after the date of the law judge's decision. Accordingly, the Appeals Council does not determine a claimant's age category based on the date of the Appeals Council's decision. See Veach v. Commissioner of Social Security, 2014 WL 35362 at *7 (D. Me.) (Appeals Council did not err in failing to

-14-

address the plaintiff's change in age category after the law judge's decision because the regulations prescribe that "the period of alleged disability that is under review ends on the date of the ALJ's decision"); Morse v. Astrue, 2010 WL 1257713 at *4 (M.D. Ga.) ("Being a year older was a change in circumstance that occurred after the ALJ's decision and did not relate back to the period on or before the ALJ's decision and therefore the Appeals Council did not ... consider it."); Martin v. Barnhart, 315 F. Supp. 2d 1009, 1010 (S.D. Iowa 2004) (rejecting the contention that the plaintiff was in an older age category when the plaintiff's 50th birthday took place a year after the law judge's decision because the end of the relevant time period is the date of the law judge's decision).

Significantly, as the plaintiff acknowledges, the Appeals Council rendered a disability determination only through December 14, 2011, which is the date of the law judge's decision (Doc. 22, p. 3). Therefore, the plaintiff's argument that the Appeals Council should have considered that he turned fifty-five years old many months after the end of the disability determination period is baseless. On the other hand, the Appeals Council's limitation of the determination period to December 14, 2011, maintains the

-15-

viability of the plaintiff's age contention.   The plaintiff's insured period extended to December 31, 2013, which is after the plaintiff's fifty-fifth birthday on July 9, 2012. Accordingly, the plaintiff can file a new application for disability benefits and have the change in age category considered in connection with that application.

The plaintiff also argues that the Appeals Council should have found him disabled after his fifty-fifth birthday because he remained eligible for disability insurance benefits as of that date (id., pp. 2, 18). This argument is meritless because it is based upon a misunderstanding of the effect that the plaintiff's insured status has on the alleged period of disability.

When a disability insurance benefits claimant last meets the insured status requirement before the date of adjudication, the oldest age to be considered is the person's age on the date last insured. See Social Security Ruling 83-10, 1983 WL 31251 at *8; Byers v. Astrue, 506 Fed. Appx. 788, 790 (10th Cir. 2012). However, when the claimant's insured status continues after the date of adjudication, the date of the law judge's decision remains the relevant date for determining the appropriate age category. See Byers v. Astrue, supra, 506 Fed. Appx. at 791; Manning v. Colvin, 2014 WL 266417

at *5 n.5 (N.D. Tex.) (a claimant's age for the purposes of a disability determination is the date last insured if that date occurs before the date of the decision, or the claimant's age as of the date of the decision if insured status continues past that date); Gallagher v. Astrue, 2009 WL 929923 at *7 n. 4 (D.N.H.) (age on the date of the decision is the relevant age to consider when the claimant's insured status continues after the date of the decision); cf., Social Security Ruling 83-10, 1983 WL 31251 at *8.  In sum, a person's insured status can only shorten, not lengthen, the period of disability considered under a particular application.

The plaintiff cites two cases in support of his contention that he is entitled to benefits commencing on his fifty-fifth birthday because he remained insured as of that date.  However, Motley v. Astrue, Case No. 07 C 3489 (N.D. Ill. April 8, 2009), is inapposite, as it concerned the application of an alternative disability onset date (see Doc. 22-1).

Further, although Sanchez v. Barnhart, Case No. 02 N 1278 (D. Colo. Sept. 19, 2003), does support the plaintiff's contention that his insured status extends the time period considered under an application (see Doc. 22-2), that case is neither controlling nor persuasive authority.  Thus, the

pertinent statement in <u>Sanchez</u> is ultimately based upon a misinterpretation

of <u>Daniels</u> v. <u>Apfel</u>, 154 F.3d 1129 (10th Cir. 1998). <u>See</u> <u>Cox</u> v. <u>Apfel</u>, 1998

WL 864118 at *4 (10th Cir.). <u>Daniels</u> pertinently stands for the unremarkable

proposition that a claimant must show he is disabled by the expiration of his

insured status.   154 F.3d 1129, 1132 n.4.   <u>Daniels</u> does not purport to

lengthen the time period under consideration for a disability application when

a person's insured status continues beyond the date of the law judge's

decision.  Rather, in <u>Daniels</u>, the claimant's insured status expired before the

date of the law judge's decision, thereby shortening the disability period

under that application. <u>Id</u>.  In sum, the plaintiff's argument that turning fifty-

five years old many months after the law judge issued her decision rendered

him disabled under this disability insurance benefits application is meritless.

As indicated, a new application is required in order to get the benefit of the

change in age category.

      B. The plaintiff's alternative argument acknowledges that he had

to show disability by the date of the law judge's decision, and that he was

fifty-four years old on that date.  However, the plaintiff argues that when the

law judge issued her decision he was on the borderline of the "closely

-18-

approaching advanced age" and "advanced age" categories, and that he should have been given the benefit of the next higher age category, thereby rendering him disabled under the guidelines (Doc. 22, pp. 5, 11). In this regard, 20 C.F.R. 404.1563(b) provides:

> We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

Notably, simply being close to an older age category does not mean that the plaintiff should be placed in that category. See id.

Although the law judge did not conduct a borderline age analysis (because the law judge found that the plaintiff could return to prior work so that the guidelines did not apply), the Appeals Council did, and that is the final decision that is subject to judicial review. 42 U.S.C. 405(g); Sims v.

Apfel, 530 U.S. 103, 106-07 (2000).[3]  The Appeals Council found that a borderline age situation did not exist because the plaintiff was almost seven months away from his fifty-fifth birthday which was "more than a few days or a few months" after the date of the law judge's decision (Tr. 7).  This was a reasonable conclusion, and the plaintiff made no meaningful attempt to show otherwise.  Although there is no bright line rule for how many months is borderline, the predominant view is that six months from the next age category is the outer limit. See Byers v. Astrue, supra, 506 Fed. Appx. at 791; Roberts v. Barnhart, 139 Fed. Appx. 418, 420 (3d Cir. 2005) (there is no borderline situation when a person is within five to six months of the next age category); Byes v. Astrue, 687 F.3d 913, 918 (8th Cir. 2012); McTague v. Colvin, 2013 WL 6905349 at *4 (M. D. Pa.) (six months and eleven days from next category not borderline).  Consequently, the Appeals Council did not err in concluding that this case did not present a borderline situation.

---

[3]The plaintiff argues cryptically that the Appeals Council "did not have the ability" to conduct this analysis because it "did not have the evidence to consider it later" (Doc. 22, pp. 11, 18).  The plaintiff presents no legal authority to support this contention (see Doc. 17) (Scheduling Order provides that arguments must be supported by citations to legal authority).  Furthermore, this argument does not make sense because the Appeals Council had the same evidence as the law judge.

Moreover, the contention that the Appeals Council should have applied the advanced age category fails for the additional reason that the Appeals Council did not mechanistically apply the guidelines in the plaintiff's case. In fact, it did not apply the guidelines at all. Rather, the Appeals Council relied upon the vocational expert's testimony to find that someone of the plaintiff's background and residual functional capacity could perform the jobs of assembler of small products, assembler of electrical accessories, and an electronics worker (Tr. 7; see Tr. 73-75).

In <u>Miller</u> v. <u>Commissioner of Social Security</u>, 241 Fed. Appx. 631, 633 (11th Cir. 2007), the plaintiff contended, as here, that the law judge should have considered that he was a person of advanced age, rather than a person closely approaching advanced age, because at the time of the law judge's decision he was less than two months from his fifty-fifth birthday. The Eleventh Circuit rejected that contention because the law judge did not rely upon the guidelines, but rather based the decision on the testimony of a vocational expert, so that a determination whether the plaintiff was a person of advanced age or closely approaching advanced age was not necessary. <u>Id</u>. at 635. Similarly, here, the Appeals Council based its determination upon the

testimony of a vocational expert. Therefore, there was neither an improper reliance on the guidelines nor a mechanical application of the age category.

For these reasons, the Appeals Council did not err because it declined to consider the category of advanced age in connection with the plaintiff's current application. The plaintiff, however, can pursue consideration of that category in connection with a new application.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this _17th_ day of September, 2014.

_Thomas G. Wilson_
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE